# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 98-CR-40093-MJR |
| JAMES F. WILLIAMS, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

James F. Williams moves the Court to unseal the file of this action and to provide him with a copy of the grand jury minutes relevant to his criminal proceedings. Williams contends that he was unable to successfully argue his motion to vacate, set aside or otherwise reduce his sentence pursuant to 28 U.S.C. § 2255 and his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) because he lacked this information.

The Court appointed counsel for Williams to pursue his § 3582(c)(2) motion, who thoroughly reviewed the record. Counsel could find no non-frivolous ground on which to pursue a sentence reduction because Williams' sentence of life imprisonment was not based upon a drug quantity determination but rather upon a cross-reference to the first-degree murder guideline. No additional information that the Court could provide to Williams would change that outcome.

Williams' § 2255 motion was carefully considered by United States District Judge James L. Foreman. *Williams v. United States of America*, Case No. 02-cv-4158-JLF (S.D.Ill.). Judge Foreman dismissed Williams' motion on the ground that his arguments had been forfeited by their omission in the original proceedings and appeal. The Seventh Circuit Court of Appeals vacated Judge Foreman's decision and remanded with instructions to consider whether ineffective assistance of counsel supplied cause for certain forfeitures in light of *Massaro v. United States*, 538 U.S. 500

1

(2003) (holding that ineffective-assistance claims are never forfeited by omission on direct appeal). Judge Foreman reviewed Williams' § 2255 motion in accordance with the Seventh Circuit's instructions and again denied the motion and entered judgment. Williams did not appeal the order and judgment. Again, no information that the Court could now provide would change the outcome of this proceeding, and Williams was actually successful in appealing the Court's original judgment. Additionally, the Court notes that Williams sought disclosure of grand jury materials during the pendency of his § 2255 motion, and Judge Foreman denied Williams' motion because he failed to show a particularized need as required by *United States v. Baggott*, 463 U.S. 476 (1983). *Williams,* Case No. 02-4158, Doc. 12.

Lastly, the Court observes that the "file" is not sealed, but some documents therein (16 out of 148 entries, including motions, orders and staff notes) are sealed. The Court finds that nothing sealed in the record prevented Williams from pursuing relief under § 2255 or § 3582(c)(2).

For the foregoing reasons, the Court **DENIES** Williams' motion to unseal and release documents (Doc. 148).

    **IT IS SO ORDERED.**

    **DATED March 9, 2011**

    s/Michael J. Reagan
    **MICHAEL J. REAGAN**
    **United States District Judge**