IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>JAMES F. WILLIAMS,<br>Defendant. | Case No. 98–CR–40093–JPG |

# **ORDER**

Before the Court are Defendant James F. Williams's Motion for Compassionate Release, (ECF No. 159), and Motion for Recruitment of Counsel, (ECF No. 160).

Williams has been serving a life sentence since 2000. (Judgment at 1–2, ECF No. 116). He is incarcerated at the U.S. Penitentiary in Atlanta, Georgia ("USP Atlanta"). *Inmate Locator*, Bureau of Prisons (last visited May 12, 2021).[1]

In April 2021, Williams moved for a sentence modification under 18 U.S.C. § 3582(c)(1)(A), also called *compassionate release*. (Def.'s Mot. at 1). He contends that serious medical conditions (type II diabetes, hypertension, and asthma), coupled with his age (73), make him especially vulnerable to the COVID-19 virus. (*Id.* at 2, Ex. A). In brief, Williams argues that his increased risk of experiencing serious complications if he contracts COVID-19 (a second time) is an *extraordinary and compelling* reason warranting his release. (*Id.* at 5).

District courts generally "may not modify a term of imprisonment once it has been imposed . . . ." 18 U.S.C. § 3582(c). That said, an exception exists for when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id.* § 3582(c)(1)(A)(i). The burden of proof

---

[1] *Available at* https://www.bop.gov/inmateloc/.

rests on the defendant, and the Court has "broad discretion." *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).

With that in mind, the Court acknowledges the particular danger posed by COVID-19 to prisoners, who live in close quarters and often cannot practice social distancing. "But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Director of the Bureau of Prisons is in the best position to know which inmates are most vulnerable to infection and whether they still pose a public-safety risk. And since March 2020, the Bureau has released over 25,000 inmates that it has identified as "suitable for home confinement," *Coronavirus*, Bureau of Prisons (last visited May 12, 2021),[2] "a 250% increase in home confinement placements since the beginning of the pandemic," Statement of Michael D. Carvajal, Director, Federal Bureau of Prisons Before the Committee on the Judiciary, United States Senate (Apr. 15, 2021).[3] More importantly, as of April 19, 2021, *all federal inmates are eligible for a vaccine*. *Id.* As a result, the Director expects that "by mid-May, . . . all inmates will have been provided the opportunity to be vaccinated." *Id.*

For all that, there are not extraordinary and compelling reasons warranting a sentence modification here. Williams may have already been vaccinated since moving for compassionate release. If not, then he may receive the vaccine now. Even if he rejects it, the risk of infection will still be greatly reduced thanks to the more than 80,000 inmates who have accepted invitations to receive the vaccine (40,000 of which have already received both doses). *Oversight of the Federal*

---

[2] *Available at* https://www.bop.gov/coronavirus/.

[3] *Available at* https://www.judiciary.senate.gov/imo/media/doc/BOP%20Director%20-%20%20Written%20Statement%202021-04-15%20SJC%20Hearing%20.pdf.

*Bureau of Prisons: Hearing Before the Judiciary Comm.*, 117 Cong. (2021) (statement of Michael Carvajal, Dir. of BOP).[4] And according to the Bureau, no inmates at USP Atlanta currently have the virus. *Coronavirus*, BOP (last visited May 12, 2021).[5] In sum, the risk posed to Williams by the pandemic is not currently extraordinary and compelling. If the situation changes, then he may move for compassionate release again after exhausting his administrative remedies. And while advanced age is a valid ground for compassionate release, Williams does not state how the aging process has resulted in a serious deterioration in his physical or mental health justifying a sentence modification. That said, the Court will recommend that the Bureau of Prisons place Williams on a priority list to receive the COVID-19 vaccine (assuming he has not already received it).

Finally, the Court notes that criminal defendants do not have a right to counsel in sentence-modification proceedings. *See United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999). And as discussed above, Williams's Motion for Compassionate Release is facially frivolous; so appointing counsel here is unwarranted.

For those reasons, the Court **DENIES** Defendant James F. Williams's Motion for Compassionate Release and Motion for Recruitment of Counsel, and **STRONGLY RECOMMENDS** that the Bureau of Prisons give Williams high priority for the COVID-19 vaccine.

**IT IS SO ORDERED.**

**Dated: Wednesday, May 12, 2021**

S/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**

---

[4] *Available at* https://www.judiciary.senate.gov/meetings/04/08/2021/oversight-of-the-federal-bureau-of-prisons.

[5] *Available at* https://www.bop.gov/coronavirus/.